UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECRET LOPEZ,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.<br><br>　　　　Defendants. | No. 2:21-cv-08794-FMO-PVCx<br><br>**PROTECTIVE ORDER RE PRODUCTION OF CONFIDENTIAL PEACE OFFICER PERSONNEL INFORMATION** |

**IT IS HEREBY ORDERED**, **ADJUDGED** and **DECREED** that:

The COUNTY OF LOS ANGELES ("County or LASD") is producing, pursuant to Plaintiff's Discovery Requests Deputy Elizabeth Tarin's Personnel Records, documents which are deemed confidential, under California state law. See Cal. Pen Code §§ 832.7. The below-listed documents are produced pursuant to Court Order; and, are produced pursuant to the privacy considerations recognized by the federal court subject to a protective order. *See Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987; and *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

1. All internal affairs investigations of ELIZABETH TARIN, for use of force, including the underlying incident, and any prior or subsequent incident(s) involving Defendant ELIZABETH TARIN. (Collectively, "CONFIDENTIAL INFORMATION.")

2. All investigations of ELIZABETH TARIN by the County of Los Angeles District Attorney's Office, the California Attorney General, the FBI, the United States Attorney's Office General's Office, the Office of the United States Attorney or Office of Civil Rights. (Collectively, "CONFIDENTIAL INFORMATION.") The County will produce such documents to the extent the County has access or control over said documents.

3. All investigations by any of the County's employees of defendant ELIZABETH TARIN, for any allegation(s) that Defendant was involved in any manner with a deputy gang, such as the "Jump Out Boys," "300 Boyz," "Banditos," "Executioners," "Reapers," "Cavemen," "Regulators," or the "Vikings." (Collectively, "CONFIDENTIAL INFORMATION.")

4. A copy of the County of Los Angeles Sheriff's Department discipline file of ELIZABETH TARIN, including any record of discipline for use of force. (Collectively, "CONFIDENTIAL INFORMATION.")

5. All use of force reports within the past ten (10) years involving ELIZABETH TARIN, where a civilian or suspect suffered greatly bodily injury or death. (Collectively, "CONFIDENTIAL INFORMATION.")

6. All use of force reports within the past ten (10) years involving ELIZABETH TARIN. (Collectively, "CONFIDENTIAL INFORMATION.")

7. A copy of all use of force reports or memorandum within the past ten (10) years where Defendant ELIZABETH TARIN used any type force on any person, including but not limited to her use of fists, batons, tasers, or any other type of weapon. (Collectively, "CONFIDENTIAL INFORMATION.")

8.     Any record relating to any incident(s) in which a sustained finding was made that defendant ELIZABETH TARIN engaged in dishonesty directly relating to the reporting, investigation, or prosecution of a crime, or directly related to the reporting of, or investigation of misconduct by any other Los Angeles Sheriff's employee. (Collectively, "CONFIDENTIAL INFORMATION.")

9.     Any record relating to any incident(s) in which an unsustained finding was made that defendant ELIZABETH TARIN engaged in dishonesty directly relating to the reporting, investigation, or prosecution of a crime, or directly related to the reporting of, or investigation of misconduct by any other Los Angeles Sheriff's employee. (Collectively, "CONFIDENTIAL INFORMATION.")

10.    All documents produced by the County or the Los Angeles Sheriff's Department in the categories set forth above shall be marked "CONFIDENTIAL." If the first page of any multi-page document bears this legend, then the entire document is deemed confidential, unless otherwise indicated by the producing party. The stamping of the legend "CONFIDENTIAL" is for identification purposes only, and in the event that a document produced by the Probation Department pursuant to Court Order is inadvertently not stamped with the legend "CONFIDENTIAL," such document is still subject to the provisions of this Protective Order.

11.    All documents produced by the County subsequent to the entry of this Protective Order shall be subject to this Protective Order, and shall be deemed CONFIDENTIAL INFORMATION.

12.    All CONFIDENTIAL INFORMATION provided in accordance with this Order may be used for all proceedings in this matter only, including law and motion, trial and/or appeal. However, in the event that CONFIDENTIAL INFORMATION is used in any such proceedings, the party submitting the CONFIDENTIAL INFORMATION must seek an order sealing that portion of the record.

13.    If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to

the time of trial, said information and/or documents shall be lodged under seal, pursuant to Local Rule 79-5.1, and with an appropriate application made to United States District Magistrate Judge PEDRO V. CASTILLO, for lodging under seal, in an envelope clearly marked as follows:

**"CONFIDENTIAL AND MATERIAL SUBJECT TO A PROTECTIVE ORDER.   CASE NO.:   2:21-cv-08794-FMO-PVC."**

14. Testimony taken at any deposition, conference, hearing, or trial may be designated as confidential by making a statement to that effect on the record at the deposition or proceeding. Arrangements shall be made by counsel for the parties with the Court Reporter transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential, and to label such portions accordingly. In the event that the Court rules that the CONFIDENTIAL INFORMATION is admissible, then the Court and/or jury may review said CONFIDENTIAL INFORMATION in open court in order to determine issues before the Court.

15. All CONFIDENTIAL INFORMATION produced in accordance with this order shall not be used in any deposition, legal proceeding, or in any other forum than the instant case, nor shall the CONFIDENTIAL INFORMATION be disseminated in any form, except by court order, or until such time as the "CONFIDENTIAL" designation is removed by agreement of counsel for the parties or by further order of this Court.

16. CONFIDENTIAL INFORMATION shall be viewed only by: (1) the Court and its staff; (2) counsel of record for the respective parties, including associates, clerks, and secretarial staff for such parties, (3) independent experts retained by the parties (and approved by the other parties), and (4) any associates, assistants, and secretarial personnel of such experts and other persons designated by agreement of counsel for the parties, and so long as said experts have agreed in

writing in advance of any disclosure of CONFIDENTIAL INFORMATION to be bound by this Protective Order. In the event that an individual does not consent to be bound by this Protective Order, no disclosure of CONFIDENTIAL INFORMATION will be made to such individual. The Court and its staff may review all matters, which pertain to the discussion of the CONFIDENTIAL INFORMATION, including law and motion matters, consistent with this confidentiality agreement in respect to the CONFIDENTIAL INFORMATION. In the event that the Court rules that the CONFIDENTIAL INFORMATION is admissible, then the Court and its staff, and/or jury may review said information in open court in order to determine issues before the Court.

17. Each person to whom disclosure is made—with the exception of counsel, the parties who are presumed to know the contents of this protective order, and court personnel—shall prior to the time of disclosure, be provided by the person furnishing him/her such material a copy of this order, and shall execute a nondisclosure agreement in the form of Attachment A. Such person also must consent to be subject to the jurisdiction of this Los Angeles Superior Court with respect to any proceeding relating to enforcement of this order, including without limitation, any proceeding for contempt.

18. CONFIDENTIAL INFORMATION produced in connection with the Court Order shall not be disclosed, disseminated, or in any manner provided to the media or any member of the public, unless the Court has ruled that the information may be divulged to the media and the public.

19. In the event that any CONFIDENTIAL INFORMATION is used or referred to during the course of any court proceeding in this action, such information shall not lose its confidential status through such use.

20. Counsel, in the above-referenced matter, and those individuals authorized to review the information in connection with this civil matter are expressly prohibited from duplicating, copying or otherwise distributing, disseminating, or orally

disclosing any of the disclosed CONFIDENTIAL INFORMATION to any person or entity for any purpose.

21. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of CONFIDENTIAL INFORMATION.

22. In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief and monetary sanctions against any person violating or threatening to violate any of the terms of this Protective Order.  This Court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the violation of this Protective Order, including but not limited to monetary sanctions, judicial sanctions, issue preclusion, and contempt. Any such request for injunctive relief and/or monetary sanctions must be made by a properly noticed motion and pursuant to statute.

23. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of CONFIDENTIAL INFORMATION, shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further order of the Court.

24. At the conclusion of the trial and of any appeal or upon termination of this litigation, including any and all appeals and/or writs, all CONFIDENTIAL INFORMATION received under the provisions of this order (including any copies made and/or any computer materials made or stored) shall be destroyed or purged or returned to the LASD's counsel.  Provisions of this order in so far as they restrict disclosure and use of the material shall be in effect until further order of this Court. However, in compliance with state bar rules, "Counsel shall be permitted to retain an archive copy of all pleadings and exhibits, trial transcripts, trial confidential information contained therein, in accordance with the rules of the State Bar of

California addressing the retention/preservation of client files by attorneys, Counsel's duty to maintain the confidentiality of such documents shall continue without further order of the Court.".

25. Production of all CONFIDENTIAL INFORMATION ordered disclosed by this Court shall take place on or before July 1, 2022.

**IT IS SO ORDERED.**

DATED: June 17, 2022

_____
HON. PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A
## NON DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in *SECRET LOPEZ v. COUNTY OF LOS ANGELES, Case No. 2:21-cv-08794-FMO-PVC* and hereby agree to comply with and be bound by the terms and conditions of said Order unless modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purpose of enforcing this nondisclosure agreement.

DATED:_____          By: _____